1
2
3
4
5
6
7
8
9
10
11
12
13

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR GUSENKOV,

         Plaintiff,                   No. CIV 2:10-cv-1421-MCE-JFM (PS)

    vs.

RESIDENTIAL MORTGAGE CAPITAL,
INC., et al.,

         Defendants.             <u>FINDINGS & RECOMMENDATIONS</u>

_____/

14         The following motions came on for hearing August 5, 2010:  defendant

15  Residential Mortgage Capital, Inc.'s ("Residential") June 29, 2010 motion to dismiss and

16  defendants Indymac Mortgage Services ("Indymac") and Mortgage Electronic Registration

17  System's ("MERS") June 21, 2010 motion to dismiss.  Plaintiff appeared in pro per.  Jonathan

18  Seigel appeared for defendant Residential.  William Harmsen appeared for defendants Indymac

19  and MERS.  Upon review of the motions and the documents in support and opposition, upon

20  hearing the arguments of plaintiff and counsel and good cause appearing therefor, THE COURT

21  FINDS AS FOLLOWS:

22         Plaintiff alleges defendants violated federal and state laws in the execution and

23  servicing of a mortgage agreement.

24                      FACTUAL HISTORY

25         On or about July 1, 2005, plaintiff obtained a mortgage loan for $332,000.00

26  secured by a deed of trust against real estate (5311-13 Wallaby Way, North Highlands,

1  Sacramento CA 95660 ("the property")).  The deed of trust identifies Residential as the lender,

2  MERS as the nominee beneficiary, and Chicago Title as the trustee, with plaintiff as the

3  borrower.  (First Amended Complaint ("FAC"), Ex. 2.)  Notice of default was recorded on

4  January 15, 2009.  (FAC, Ex. 3.)  The property was sold on February 15, 2010.

5        Plaintiff alleges that the defendants do not have authority to conduct any non-

6  judicial foreclosure sale.  After alleging that lenders have participated in a "scheme" to "tak[e] as

7  much equity as possible and artificially driv[e] up housing prices," plaintiff claims that MERS

8  has no standing to assert an interest in the property.  Plaintiff further claims that Residential

9  misrepresented the terms of the agreement and withheld material facts, and claims that the

10  promissory note is a forgery.  He also asserts that he did not receive required documents and

11  disclosures, including the TILA disclosures and the required number of copies of the Notice of

12  Right to Cancel.  Plaintiff claims he is entitled to, inter alia, damages and rescission.

13                              PROCEDURAL HISTORY

14        On August 21, 2009, plaintiff filed a complaint in state court.  On May 5, 2010,

15  plaintiff filed a FAC against defendants Residential, Indymac, MERS and NDEX West, LLC,[1]

16  for (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et seq.; (2) violation

17  of the California Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil

18  Code §§ 1788 et seq.; (3) negligence; (4) violation of the Real Estate Settlement Procedures Act

19  ("RESPA"), 12 U.S.C. §§ 2601 et seq.; (5) breach of fiduciary duty; (6) fraud; (7) violation of

20  California's Unfair Competition Law ("UCL"), California Business & Professions Code

21  §§ 17200 et seq.; and (8) breach of implied covenant of good faith and fair dealing.

22        On June 9, 2010, this action was removed to federal court by Residential.  On

23  June 21, 2010, Indymac and MERS filed a motion to dismiss.  On June 29, 2010, Residential

24  filed a motion to dismiss.

25  _____

26        [1] Defendant NDEX West has not appeared in this matter.  The docket does not reflect
whether this defendant has been served.

1    On July 9, 2010, plaintiff filed an opposition to Residential's motion to dismiss.

2  On July 21, 2010, Residential filed a reply.  On July 27, 2010, plaintiff filed a tardy opposition to

3  Indymac and MERS's motion to dismiss.

4                              STANDARDS

5    The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

6  sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

7  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

8  sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

9  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

10  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct.

11  1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to

12  grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

13    In determining whether a complaint states a claim on which relief may be granted,

14  the court accepts as true the allegations in the complaint and construes the allegations in the light

15  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

16  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

17    The court is permitted to consider material properly submitted as part of the

18  complaint, documents not physically attached to the complaint if their authenticity is not

19  contested and the complaint necessarily relies on them, and matters of public record.  Lee v. City

20  of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Matters of public record include

21  pleadings and other papers filed with a court.  Mack v. South Bay Beer Distributors, 798 F.2d

22  1279, 1282 (9th Cir. 1986).  The court need not accept as true conclusory allegations,

23  unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt,

24  643 F.2d 618, 624 (9th Cir. 1981).

25    Defendants request the court take judicial notice of a trustee's deed upon sale,

26  wherein it is noted that the property at issue in this action was told for $114,577.21 on February

1  15, 2010.

2         Defendants Indymac and MERS also request the court take judicial notice of the

3  deed of trust for the property at issue.  The deed shows that plaintiff obtained a mortgage loan

4  for $332,000.00 secured by a deed of trust against real estate recorded on July 1, 2005.  The deed

5  of trust identifies Residential as the lender, MERS as the nominee beneficiary, and Chicago Title

6  as the trustee, with plaintiff as borrower.

7         Defendants' request for judicial notice will be granted.

8                                    ANALYSIS

9  I.     Federal Claims

10        A.     TILA

11        Plaintiff first seeks damages and rescission based on defendants' alleged

12  violations of TILA.  Defendants seek dismissal of this claim as time-barred.  They further seek

13  dismissal on the ground that the property was purchased as an investment property, not a

14  residential property, and, thus, is not subject to TILA.  Finally, IndyMac and MERS seek

15  dismissal because plaintiff does not allege an ability to tender and because it contains no factual

16  allegations that can support a claim against either of them.

17               1.     Timeliness

18                      a.     Damages

19        An action for damages under TILA must be brought within one year of the

20  violation. 8 U.S.C. § 1640(e). A TILA violation occurs on "the date of consummation of the

21  transaction," King v. California, 784 F.2d 910, 915 (9th Cir.1986), and "consummation" means

22  "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R.

23  § 226(a)(13).  Accordingly, defendants argue that the claim for damages is time-barred.  The

24  doctrine of equitable tolling, however, may "suspend the limitations period until the borrower

25  discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the

26  basis of the TILA action."  King, 784 F.2d at 915.

4

1    The FAC alleges that the loan transaction was consummated on July 1, 2005,

2    making July 1, 2006 the deadline for commencing a TILA damages action.  The current suit was

3    not filed until August 21, 2009.  Although Ninth Circuit has held that equitable tolling for

4    damages may be appropriate "in certain circumstances," plaintiff has not alleged any facts that

5    would justify tolling in this case.  King, 874 F.2d at 915; see also Meyer v. Ameriquest Mtg. Co.,

6    342 F.3d 899, 902 (9th Cir. 2003) (dismissing equitable tolling of TILA claim because plaintiff

7    did not allege any actions that would have prevented discovery of alleged TILA violations and

8    was in full possession of all loan documents).

9                         b.    Rescission

10    Rescission claims "shall expire three years after the date of the consummation of

11    the transaction or upon the sale of the property, whichever occurs first," 15 U.S.C. § 1635(f).

12    Where the creditor fails to provide to the consumer a notice of right to rescind and all material

13    disclosures, TILA implementation Regulation Z provides that "the right to rescind shall expire

14    three years after consummation, upon transfer of all of the consumer's interest in the property, or

15    upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23.

16    The FAC alleges that the loan transaction was consummated on July 1, 2005,

17    making July 1, 2008 the deadline for commencing a TILA rescission claim.  Plaintiff's notice of

18    rescission is contained in the FAC, which was not filed until May 5, 2010, beyond the three-year

19    time period.  There are no facts to justify equitable tolling.

20                         2.    Principal Dwelling v. Investment Property

21    Defendants also seeks dismissal on the ground that the loan is not subject to TILA

22    because it was for the purchase of an investment property.  (Jordan Decl., Ex. A.)  In support,

23    they submit the loan application wherein it is noted that the property purchased will be an

24    investment.[2]  (Id.)

25    _____

26    [2] Plaintiff does not attach the loan application to his FAC.  The loan application is
submitted with the declaration of Keith Jordan, Residential's Vice-President, in support of

1    TILA and RESPA only apply to consumer loans, not business loans.  In the

2    language of the statute, TILA applies to transactions in which "the party to whom credit is

3    offered or extended is a natural person, and the money, property, or services which are the

4    subject of the transaction are primarily for personal, family, or household purposes."  15 U.S.C.

5    § 1602(h).  As a corollary, 15 U.S.C. § 1603(1)  provides that TILA "does not apply to ... [c]redit

6    transactions involving extensions of credit primarily for business, commercial, or agricultural

7    purposes."  RESPA is identical in this regard, as it "does not apply to credit transactions

8    involving extensions of credit ... primarily for business, commercial, or agricultural purposes,"

9    12 U.S.C. 2606(a), and requires an identical inquiry as the one used under TILA.  See 12 U.S.C.

10   2606(b); see also Galindo v. Financo Financial, Inc., No. C 07-03991 WHA, 2008 WL 4452344

11   (N.D. Cal. Oct. 3, 2008) ("In evaluating whether a certain loan was primarily for business

12   purposes under RESPA, courts are to apply the same standards as are used under TILA.").

13          This inquiry is largely fact-based.  "Whether an investment loan is for a personal

14   or a business purpose requires a case by case analysis."  Thorns v. Sundance Properties, 726 F.2d

15   1417, 1419 (9th Cir. 1984). This analysis requires an examination of:

16      [1] The relationship of the borrower's primary occupation to the acquisition. The
        more closely related, the more likely it is to be business purpose.
17

18      [2] The degree to which the borrower will personally manage the acquisition. The
        more personal involvement there is, the more likely it is to be business purpose.

19      [3] The ratio of income from the acquisition to the total income of the borrower.
        The higher the ratio, the more likely it is to be business purpose.
20

21      [4] The size of the transaction. The larger the transaction, the more likely it is to
        be business purpose.

22      [5] The borrower's statement of purpose for the loan.

23

24   Residential's motion to dismiss.  "We have extended the 'incorporation by reference' doctrine
     to situations in which the plaintiff's claim depends on the contents of a document, the defendant
25   attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of
     the document, even though the plaintiff does not explicitly allege the contents of that document
26   in the complaint."  Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

1    Id. at 1419 (quoting 12 C.F.R. § 226 Supp.1, § 226.3(a)(2)(1983)).

2           For present purposes, the relevant question is whether the FAC contains sufficient

3    factual material, taken as true, to establish that plaintiff's loan qualifies as a consumer loan under

4    TILA and RESPA.

5           Plaintiff does not allege any facts relevant to the five-factor inquiry required

6    under Thorns v. Sundance Properties, 726 F.2d at 1419.  Although plaintiff asserts that the loan

7    was for a "residential mortgage" and argues that the defendants sold "Plaintiff's home," there are

8    no facts to indicate whether this loan was for plaintiff's primary residence rather than merely

9    property that he owns.  This failure to allege any facts precludes plaintiff from availing himself

10   of the protections contained in TILA and RESPA.  Furthermore, the loan application lists that

11   the property will be an "investment" property.  Thus, for these reasons, plaintiff has failed to

12   state a claim under TILA.

13           3.    Ability to Tender

14           The Ninth Circuit has held that rescission under TILA "should be conditioned on

15   repayment of the amounts advanced by the lender."  Keen v. Am. Home Mortgage Serv., Inc.,

16   2009 WL 3380454 at *4 (E.D. Cal. Oct. 21, 2009) (quoting Yamamoto v. Bank of N.Y., 329

17   F.3d 1167, 1170 (9th Cir. 2003)).  Additionally, the Ninth Circuit has explained that prior to

18   ordering rescission based on a lender's alleged TILA violations, a court may require borrowers

19   to prove ability to repay loan proceeds, and "there is no reason why a court that may alter the

20   sequence of procedures after deciding that rescission is warranted, may not do so before deciding

21   that rescission is warranted ... the court does not lack discretion to do before trial what it could

22   do after."  Garza v. Am. Home Mortgage, 2009 WL 188604 at *4 (E.D. Cal. Jan. 27, 2009)

23   (quoting Yamamoto, 329 F.3d at 1173).

24           The court in Keen noted that a number of California district courts have required

25   plaintiffs to plead facts demonstrating ability to tender the loan principal in order to withstand a

26   12(b)(6) motion to dismiss and proceed with a claim for rescission under TILA.  Id. at *4-5

1   (citing Garza, 2009 WL 188604; Serrano v. Sec. Nat'l Mortgage Co., 2009 U.S. Dist. LEXIS

2   71725 (S.D. Cal. Aug. 14, 2009); Pesayco v. World Sav. Inc., 2009 U.S. Dist. LEXIS 73299

3   (C.D. Cal. July 29, 2009).

4           Because the FAC contains no allegations that plaintiff is able to tender the full

5   amount of the loan, plaintiff's claim under TILA for rescission also fails.

6           The court further finds that plaintiff has failed to state any allegations as to

7   defendants Indymac and MERS concerning this claim.

8           Accordingly, plaintiff's TILA claim should be dismissed with prejudice because it

9   is time-barred and inapplicable to an investment property.

10       B.      RESPA

11          Next, plaintiff claims Residential violated RESPA "by failing to correctly and

12   accurately comply with disclosure requirements" at the time of closing on the sale and by failing

13   and refusing to respond to plaintiff's Qualified Written Request ("QWR").   Residential seeks

14   dismissal of this claim on the grounds that RESPA does not apply; there is no private cause of

15   action under RESPA for failure to disclose; and the QWR allegations are vague.

16          For the reasons set forth above with respect to plaintiff's TILA claim, a RESPA

17   claim does not encompass mortgages for investment property and should be dismissed with

18   prejudice.

19          Furthermore, plaintiff's broad and conclusory allegation that Residential failed to

20   comply with disclosure requirements is not sufficient.  Without pleading any facts to support the

21   generalized claim that Residential violated Section 2605, plaintiff has failed to plead a plausible

22   claim.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009) ("Threadbare recitals of the elements

23   of a cause of action, supported by mere conclusory statements, do not suffice.").

24          Finally, as to plaintiff's allegation that Residential failed to respond to the QWR,

25   RESPA states, in pertinent part:

26              (1) Notice of receipt of inquiry

(A) In general

If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A)(2009).  RESPA defines a QWR as:

a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-[¶] (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [¶] (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B) (2009).  When a loan servicer receives a QWR, it must either correct the borrower's account or, after conducting an investigation, provide the borrower with a written explanation of: (1) why the servicer believes the account is correct; or (2) why the requested information is unavailable.  See 12 U.S.C. § 2605(e)(2).

The FAC does not contain any facts as to when the QWR was mailed, to whom it was mailed, or the contents of the QWR.  The FAC fails to allege facts sufficient for the court to draw a reasonable inference that Residential actually received the alleged QWR.  See 12 U.S.C. § 2605(e)(1)(A).

Because plaintiff's RESPA claim should be dismissed with prejudice on other grounds, the court need not address Residential's argument that there is no private cause of action under RESPA for failure to disclose.

Accordingly, the RESPA claim should also be dismissed with prejudice.

II.    State Law Claims

Because the court has determined that plaintiff's FAC does not state a valid cause of action arising under federal law, see 28 U.S.C. § 1331, the court lacks subject matter

jurisdiction over the remaining claims.  Plaintiff does not assert that jurisdiction is proper under diversity jurisdiction, 28 U.S.C. § 1332, and the FAC does not contain facts sufficient to establish that the parties are of diverse citizenship.  Accordingly, this court lacks subject matter jurisdiction over plaintiff's state law claims.[3]

Accordingly, IT IS HEREBY RECOMMENDED that

1.  Residential's June 29, 2010 motion to dismiss, and Indymac and MERS's June 21, 2010 motion to dismiss, be granted; and

2.  This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 9, 2010.

UNITED STATES MAGISTRATE JUDGE

/014;guse.1421.mtd

---

[3] Even if the court were to address plaintiff's state law claims, the FAC does not contain sufficient facts as to any of the claims to withstand the defendants' motions to dismiss.